IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

ANTHONY LEE UPCHURCH, #50878     §

VS.     §         CIVIL ACTION NO. 2:20cv235

SHERIFF ROWE     §

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Anthony Lee Upchurch, a prisoner currently confined within the Texas Department of Criminal Justice (TDCJ), through counsel, filed this habeas action. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

For reasons explained below, the Court recommends that the petition be denied, the case dismissed with prejudice, and that Petitioner be denied a certificate of appealability *sua sponte*.

**I. Petitioner's Habeas Petition**

Petitioner is challenging "excessive bail," and the state court's rejection of three motions concerning his bail. He filed this petition while housed at the Cass County Jail, and argues that the Texas Governor's March 13, 2020, disaster declaration regarding the COVID-19 pandemic violated his rights because of bail. Petitioner argues that the disaster declaration "allowed the courts to apply the law to all incarcerated during the pandemic." He maintains that the declaration resulted in a lack of a remedy for the incarcerated to be free from excessive bail, as they must await their trials. Petitioner further asserts that "the suspension of habeas corpus has rendered any bail amount that cannot be paid excessive"—seeking an injunction to stop the March 2000 disaster

declaration, an order directing the state court to comply with Texas Code of Criminal Procedure 17.151, and order the state court to rule on his bail.

## II. Standard of Review

The role of federal courts in reviewing habeas petitions filed by state prisoners is exceedingly narrow.  A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present.  *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted).  When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law.  *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996.  Under the AEDPA, which imposed several habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
>
> 2.  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

## III. Discussion and Analysis

As an initial matter, Upchurch failed to exhaust his required state court remedies prior to filing this federal petition. A state prisoner must exhaust all remedies available in state court before

proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect prisoner's rights. *See* 28 U.S.C. § 2254(b) & (c). To exhaust properly, a petitioner must "fairly present" all of his claims to the state court. *See Picard v. Connor*, 404 U.S. 270 (1971) ("Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal court."); *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997). In Texas, all claims must be presented to and ruled on by the Texas Court of Criminal Appeals. *See Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993). Exhaustion is mandatory.

In order to satisfy the exhaustion requirement, the state habeas application must be "properly filed." *See* 28 U.S.C. §2244(d)(2); *see also Davis v. Quarterman*, 342 F. App'x 952, 954 (5th Cir. 2009) (unpublished). Because he failed to file a state habeas application, the state court did not reach the merits of his claims and the claims are unexhausted. *See North v. Davis*, 800 F. App'x 211, 214 (5th Cir. 2020) (unpublished) (explaining that "compliance with Rule 73.1 is a prerequisite to consideration of the merits of an applicant's claims" in Texas state court—such that "a petition dismissed by the TCCA for noncompliance with 73.1 is not properly filed"); *see also Ex parte Torres*, 943 S.W.2d 469, 472 (Tex.Crim.App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claims merits."). Here, there is no indication that Petitioner presented these claims to the highest state court for review; a search is void of his filings within the Texas Court of Criminal Appeals.

Moreover, the Court notes that TDCJ records indicate that Petitioner has been convicted of failing to comply with required registry out of Cass County, Texas. He is currently incarcerated within TDCJ. Because his requested relief centers around excessive and lack of bail because of the

COVID-19 disaster declaration, his petition is now moot. *See Hutchinson v. Waybourn*, 2018 WL 3708435, at *1 (N.D. Tex. Aug. 2, 2018) ("As noted above, Hutchinson has been convicted of the charges for which he was detained in the Tarrant County Jail. Hutchinson's convictions render his excessive bail complaints moot.") (citing *Martinez v. State*, 826 S.W.2d 620 (Tex. Crim. App. 1992) (en banc) (conviction renders moot claim challenging bail because the defendant is no longer subject to pre-trial confinement.")).

Here, Petitioner was convicted in Cass County, Texas, of the charge for which he complains—case number 2020F00093. His requested relief—an injunction "stopping" the disaster declaration, an order directing the State of Texas to "comply" with its statutes concerning bail, and an order directing the state court to rule on his bail—are now moot given his subsequent conviction. *N.Y. State Rifle & Pistol Ass'n v. City of New York*, 140 S. Ct. 1525, 1526 (2020) (per curiam) (explaining that mootness is a function of a party's requested relief—not the theoretical possibility that a party could request or receive something); *see also Noble v. Cooper*, 2021 WL 2119501, at *1 (N.D. Tex. May 10, 2021) ("In this case, Noble's conviction renders moot the relief sought in his pretrial habeas petition.") (citing *Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993) (concluding that a petitioner's subsequent conviction mooted his pretrial claims for federal habeas relief)). The issues presented in Petitioner's habeas petition are no longer "live," and he has not shown that any injury is "capable of repetition, yet evading review." *See Russell v. Harris Cnty., Tex.*, 500 F. Supp. 577, 599 (S.D. Tex. 2020) (class action challenging broad policy).

## IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017).

Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.*

Although Petitioner has not yet filed a notice of appeal, the court may address whether she would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious."). A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336).

Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 at 140-41).

Here, Petitioner failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He also failed to

demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings.  Accordingly, he is not entitled to a certificate of appealability.

<u>RECOMMENDATION</u>

Accordingly, it is recommended that Petitioner's habeas corpus petition be dismissed, without prejudice, for the failure to exhaust state court remedies. Alternatively, the Court recommends that the petition be dismissed as moot. It is further recommended that Petitioner be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 17th day of May, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE